UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00691-H

CAROLYN FOSTER                                                                                      PLAINTIFF

V.

FEDERAL EMERGENCY MANAGEMENT AGENCY                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Carolyn Foster filed this lawsuit to recover insurance benefits from a flood policy issued by the Federal Emergency Management Agency ("FEMA") after a dwelling she owned suffered damages due to the flooding of the nearby Ohio River. FEMA has now moved to dismiss Plaintiff's complaint, or in the alternative for summary judgment as to Plaintiff's single claim.

The Court has reviewed the relevant briefs and record evidence. The rules for recovering flood insurance benefits are quite strict. Unfortunately, as the following discussion shows, Plaintiff failed to file a proper Proof of Loss claim and the benefits she did seek are unavailable under the coverage which she invoked. Under the applicable law, these are not mere technicalities. As this Memorandum explains, these issues require the Court to sustain FEMA's motion for summary judgment.

I.

Plaintiff owned a small, cabin-like dwelling located at 3125 Upper River Road in Louisville, Kentucky ("dwelling"), which she used as a private retreat and art studio. The dwelling, constructed around 1925, stands in a Special Flood Hazard Area due to its proximity to the Ohio River. On April 21, 2011, the Ohio River flooded and submerged the dwelling in

several feet of flood water. Specifically, a FEMA expert determined that 36 inches of water accumulated inside the dwelling and 66 inches of water accumulated outside the building for approximately 13 days.

Plaintiff purchased a flood insurance policy from the United States. Congress enacted the National Flood Insurance Act, 42 U.S.C. § 4001 ("NFIA"), which promulgated a federal flood insurance program to fill the gap left by private insurance companies that maintained flood insurance policies that were either nonexistent or too expensive. To protect consumers living in flood-prone areas, the NFIA established the National Flood Insurance Program, through which FEMA, currently a sub-department of the Department of Homeland Security, administers a Standard Flood Insurance Policy ("SFIP"), codified at 44 C.F.R. § 61, App. A(1). 42 U.S.C. § 4011(a). Plaintiff's SFIP provided the following three types of relevant coverage: Coverage A, $59,000 for flood damage to the building with a $1,000 deductible; Coverage B, $5,600 for flood damage related to the contents of the building with a $1,000 deductible; and Coverage D, $30,000 for flood damage leading to increased costs of compliance with state and local flood regulations and ordinances.

On June 3, 2011, Plaintiff filed a Proof of Loss with FEMA, claiming $19,243.64 in flood damage under Coverage A, an amount Plaintiff calculated with the assistance of a FEMA adjuster ("June POL"). FEMA paid the full amount on June 9, 2011. On July 15, 2011, Plaintiff signed and submitted a second Proof of Loss for the full amount of her policy under Coverage B ("July POL"). After granting Plaintiff a waiver for filing the July POL after the permissible time period for doing so, FEMA paid the full amount of the claim on August 19, 2011.

Shortly after Plaintiff submitted the July POL, on July 22, 2011, Louisville-Jefferson County Metro Government informed Plaintiff that the dwelling was a candidate for demolition

due to the severity of flood damage it sustained in the April 21, 2011 flood. Months later, on November 15, 2011, the Metropolitan Sewer District ("MSD") issued Plaintiff a substantial damage determination letter, on which the MSD notified Plaintiff that the cost to repair the flood damage exceeded 50% of the market value of the dwelling, and the building either needed to be brought into compliance with current building codes or be demolished. To bring the dwelling into compliance with building codes, Plaintiff would need to elevate the dwelling seventeen feet above its existing ground elevation. Plaintiff obtained a wrecking permit and demolished the dwelling.

Subsequent to the demolition, Plaintiff submitted a supplemental claim to FEMA for damage relating to the demolition of her dwelling for the amount remaining under Coverage A, or $39,756.36 ("Supplemental Claim"). On August 31, 2011, FEMA sent an inspector to Plaintiff's property; this inspector determined that poor and deteriorated construction, not the flood, caused the damage to the dwelling that led to its demolition. FEMA denied the supplemental claim on those grounds on October 24, 2011. Plaintiff then retained her own expert who concluded that the flood was the precipitating event for the dwelling's destruction on October 25, 2011. Plaintiff wrote to FEMA appealing its denial of her supplemental claim. In FEMA's response, it agreed with its prior decision to deny the claim, and informed Plaintiff that FEMA will conduct no further administrative review. FEMA directed Plaintiff to review the SFIP for instructions on how to sue for this denial. Pursuant to those instructions, Plaintiff filed suit on October 19, 2012, within one year of the initial denial of the supplemental claim.

## II.

Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative for summary judgment pursuant to Federal Rule 56.

3

These two motions implicate different standards of review for the Court. This Court recognizes two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *Hanbali v. Chertoff*, 2007 WL 2407232, *1 (W.D. Ky. Aug. 17, 2007).

> A facial attack challenges the court's subject matter jurisdiction based upon the sufficiency of the pleadings. In considering a "facial attack", a court will consider the material allegations of fact set forth in the complaint as being true and construe them in a light most favorable to the nonmoving party. In considering a "factual attack", challenging the court's subject matter jurisdiction based upon the facts as alleged in the pleadings, a court will not presume the allegations of fact in the complaint to be true. Rather, the district court will weigh the conflicting evidence to determine whether the proper jurisdiction exists. The plaintiff bears the burden of demonstrating that the Court has jurisdiction over the subject matter.

*Id.* (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324-25 (6th Cir. 1990)) (internal citations omitted). FEMA seems to present both a facial and a factual attack to subject matter jurisdiction under Rule 12(b)(1).

In sum, under Rule 12(b)(1), the plaintiff must prove jurisdiction to survive the motion, either on the face of the complaint or through factual allegations, which the Court is entitled to weigh against contradicting factual assertions in resolving whether the facts support jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Parties are permitted to supplement the record with affidavits pursuant to a Rule 12(b)(1) motion to dismiss without converting the motion to a Rule 56 motion. *Id.*

FEMA also asserts its motion as one for summary judgment in the alternative pursuant to Rule 56. Courts grant motions for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of showing that no dispute exists as to any material fact or that the nonmoving party cannot prove an essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477

4

U.S. 317, 323 (1986). The nonmoving party must then controvert these arguments with specific facts, which the court will view in the light most favorable to the nonmoving party. *Matsushita Electrical Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 339 (6th Cir. 2010).

FEMA asserts three principal grounds for dismissing Plaintiff's complaint. The Court will address each in turn.

### III.

FEMA first makes a facial attack on Plaintiff's complaint pursuant to Rule 12(b)(1) that Plaintiff named the wrong party in this action. FEMA contends that Plaintiff's failure to name the proper party to this action destroys the Court's subject matter jurisdiction over the named defendant. Plaintiff names FEMA as the defendant in this action. As an initial matter, the United States cannot be sued without its consent, and federal agencies cannot be sued *eo nomine* without express authorization therefore. *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952); *F.D.I.C. v. Meyer*, 510 U.S. 471, (1994). Plaintiff presents no statute or other governmental document granting such authorization. Therefore, FEMA is not the proper party for suit.

In the NFIA, Congress waived United States sovereign immunity for SFIP claims as against the Director of FEMA in his official capacity. 42 U.S.C. § 4072. FEMA claims that Congress later transferred all functions, personnel, and liabilities of FEMA to the Secretary of the Department of Homeland Security in the Homeland Security Act of 2002, Pub. Law 107-296, 5 U.S.C. §§ 301-06. According to FEMA, then, Secretary Janet Napolitano of the Department of Homeland Security should be named as the proper party defendant. Plaintiff does not seem to contest this argument, admitting that FEMA is not the proper party and that likely the Director of FEMA is the proper party. Rather, Plaintiff argues that her failure to name the

proper party should not result in the dismissal of this suit, because Plaintiff can substitute the proper party and have all claims relate back to the time she filed this complaint pursuant to Rule 15(c).

The Court finds that Plaintiff named the wrong party as a defendant in this suit, but that this error could be corrected, such that dismissal for this reason is not warranted.

IV.

FEMA next presents a factual attack on this Court's subject matter jurisdiction over Plaintiff's claim pursuant to Rule 12(b)(1). FEMA conceives this argument as follows: The United States and its unincorporated departments and agencies cannot be sued without their consent. *Blackmar*, 342 U.S. 512. Congress expressly and limitedly waived federal sovereign immunity over SFIP claims against the administrator of the National Flood Insurance Plan, providing that

> [i]n the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072. As further definition of the limited waiver prescribed in § 4072, the SFIP declares that

> [the insured] may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any

6

> dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. § 61 App. A(1) § VII(R). The SFIP thus explicitly requires Plaintiff to have complied with all the requirements of the policy prior to suit.

Of particular importance to this case, when an insured suffers flood damage to the insured property, the insured is required in relevant part, to

> 1. Give prompt written notice to [the insurer]; . . .
> 4. Within 60 days after the loss, send [the insurer] a proof of loss which is your statement of the amount you are claiming under the policy signed and sworn to by [the insured] . . . .

44 C.F.R. § 61 App. A(1) § VII(J).

It is undisputed that Plaintiff failed to file a Proof of Loss in furtherance of the Supplemental Claim. FEMA contends that without filing a Proof of Loss, Plaintiff failed to comply with all the requirements of the SFIP, and therefore Plaintiff is not entitled to sue under Section VII(R). Section 4072 requires Plaintiff to submit a claim to the federal government and FEMA to evaluate and deny that claim before sovereign immunity is waived. Plaintiff here omitted the submission of a Proof of Loss, and therefore failed to properly file a claim, which is necessary to trigger the waiver of sovereign immunity.

Plaintiff argues that she submitted the proof required under the SFIP in the Supplemental Claim she provided to FEMA. In support of this argument, Plaintiff presents the letters FEMA wrote to Plaintiff. For example, Chandra Bradley, Claims Examiner for FEMA, wrote on October 24, 2011, "Dear Ms. Foster: We've received and reviewed your Proof for your supplemental claim. After review of your claim and all of the documentation that was provided, we find that we cannot extend payment under the policy for the Shifting observed in the dwelling." ECF No. 13-6. Months later, James Sadler, Director of Claims of the National Flood

Insurance Program, wrote to Plaintiff referring to her Supplemental Claim as a "claim" and "a request for reimbursement for demolition of the building." ECF No. 13-10. Plaintiff understood FEMA's correspondence to mean that the claim had been presented and denied.

Essentially, Plaintiff is arguing that the Court should apply a type of substantial compliance standard to Plaintiff's Supplemental Claim, construing it as sufficient to satisfy the requirements of the SFIP.[1] While Plaintiff's situation is unfortunate, and Plaintiff's argument is reasonable, Sixth Circuit precedent mandates strict compliance with the SFIP policy in order to obtain benefits under the policy. *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 518 (6th Cir. 2008). In *Evanoff*, the defendant, an insurance company operating as a fiscal agent of the United States, filed for summary judgment as to the plaintiff's claim for insurance benefits on the premise that the plaintiff failed to timely provide a Proof of Loss for the plaintiff's condominium unit. In that case, the plaintiff claims to have provided notice to the defendant of everything required in the SFIP, including a letter that contained his signature. The Court agreed with and adopted the reasoning of an Eighth Circuit opinion, wherein

> Judge Arnold explained that due to the 'special nature' of the SFIP—that is, the federal government's role in subsidizing the flood insurance plan—the plaintiffs were required to 'show actual and complete compliance with this requirement: it is not sufficient to show that they substantially complied or that the insurer suffered no prejudice.

---

[1] Plaintiff's reliance on *Aylward v. Fed. Emergency Mgmt. Agency*, 781 F. Supp. 2d 272 (W.D.N.C. 2011) in support of this argument is misplaced. In one section of the opinion, the Court discussed FEMA's motion to dismiss, or for summary judgment, on claims for insurance benefits under the plaintiffs' SFIP for their failure to provide "the required level of detail in their proof of loss to permit additional payment beyond what was already paid to them." *Id.* at 277. In analyzing this question, the Court first stated that "compliance with the provisions of the SFIP is a condition precedent to recovery under the policy." *Id.* Second, the Court expressly distinguished the case from a case wherein the plaintiff failed to file a Proof of Loss altogether. *Id.* Instead, the Court inquired into whether the SFIP required plaintiffs to supplement their Proof of Loss with more detail based on certain requests from FEMA. *Id.* at 278. This analysis is wholly inapposite to the question presented here, as the Court in *Aylward* expressly stated.

Moreover, a later section of the opinion discusses the requirement of a Proof of Loss to recover under an SFIP. In that section, the Court held, "[b]y failing to submit a second POL for any additional amounts above what they were already compensated for, the plaintiffs failed to comply with the terms of the SFIP as a matter of law, and FEMA is entitled to summary judgment." *Id.* at 280. Thus, *Aylward* is directly in line with this Court's opinion.

*Id.* at 520 (quoting *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)). Ultimately, the Court held, "As we are required to interpret the SFIP at issue strictly, we cannot accept Evanoff's claim that he substantially complied with the terms of the policy." *Id.*

In the case *sub judice*, Plaintiff may have provided notice to FEMA that arguably conveyed to FEMA the information necessary for determining whether the Supplemental Claim should be approved. In so doing, Plaintiff satisfied only part of her duties under the SFIP. It is clear under Section VII(J) that the notice requirement and the Proof of Loss requirements are distinct. *See Gowland v. Aetna*, 143 F.3d 951, 954 (1998) (Holding that "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy, . . . [so] an insured's failure to provide a complete, sworn proof of loss statement . . . relieves the federal insurer's obligation to pay what otherwise might be a valid claim"). This is so because a Proof of Loss must be signed and sworn. In fact, when determining that the Court must strictly construe the terms of the SFIP, the Sixth Circuit placed significant weight on the fact that insureds must sign and swear to the Proof of Loss before submission.[2] *See Evanoff*, 534 F.3d at 520. The signing of and swearing to the Proof of Loss places significance on the document, both for those government officials using the form to determine compensation and for subsequent litigation thereon. Therefore, Plaintiff's notice must have been both signed and sworn before the Court could even consider whether Plaintiff's Supplemental Claim satisfied the SFIP requirements. Although Plaintiff signed and swore to the

---

[2] FEMA's constitutional arguments also persuade the Court to enforce strict compliance as to the SFIP requirements. First, federal funds may not be distributed from the United States Treasury unless in accordance with the law. Second, the Separation of Powers doctrine would dictate against the Federal Judiciary forcing the United States Treasury to pay out monies in a way that Congress has not provided. Accordingly, the Court agrees with the District Court for the Western District of Washington that "[t]he Appropriations and Supremacy Clauses of the U.S. Constitution, as well as the Separation of Powers Doctrine, prohibits payment of any further amounts to the Plaintiffs absent a waiver by FEMA." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 2010 WL 3220620, *4 (W.D. Wash. Aug. 13, 2010).

June and July POLs, the Court will not impute these certifications to the Supplemental Claim, when clearly the SFIP requires a Proof of Loss for each individual claim.[3]

Plaintiff presents no evidence that her she signed and swore to the Supplemental Claim, so Plaintiff cannot sue the United States on this claim under Section VII(R) and pursuant to 42 U.S.C. § 4072. *Accord Aylward v. Fed. Emergency Mgmt. Agency*, 781 F. Supp. 2d 272 (W.D.N.C. 2011) (holding that because the Fourth Circuit demands strict compliance, "the SFIP requires claimants to provide a timely POL in order to sue for benefits"). Therefore, the Court will dismiss Plaintiff's claim for failure to submit a Proof of Loss.

Plaintiff's only response to the foregoing discussion is that because FEMA's participation as an insurer obviously represents a limited waiver of sovereign immunity to the extent of the coverage, because otherwise, any coverage provided by FEMA would be illusory. This is essentially an equitable estoppel argument, for which Plaintiff provides no legal support. However, the Court agrees with the reasoning of the Fifth Circuit in *Gowland v. Aetna*, 143 F.3d 951 (1998), that "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution. . . . To date, the Supreme Court has not upheld an estoppel claim resulting in the payment of money out of the treasury." *Id.* at 955. Accordingly, Plaintiff's unsupported equity argument fails.

V.

Even if the Court found that Plaintiff's notice satisfied SFIP requirements for Proof of Loss submission, the Court finds compelling FEMA's argument that it is entitled to summary

---

[3] Moreover, that FEMA sent an adjustor to examine Plaintiff's claims does not undermine this Court's conclusion, because under Section VII(J)(7) of the SFIP, which states that "[t]he insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form . . . However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it."

judgment on grounds that the MSD's substantial damage determination had no effect on Plaintiff's ability to recover the funds she sought. Plaintiff seeks the remaining amount of her insurance benefits under Coverage A for building coverage. She basically attempts to recover the total value of her property. However, Section V of the SFIP excludes from coverage "[t]he cost of complying with any ordinance or law requiring or regulating the construction, demolition, remodeling, renovation, or repair of property . . . . This exclusion does not apply to any eligible activities that we describe in Coverage D – Increased Cost of Compliance." 44 C.F.R. § 61 App. A(1) § V. Accordingly, the costs of complying with MSD's substantial damage determination are excluded under the SFIP except to the extent that Coverage D applies. Coverage D may apply, but Plaintiff admits she has yet to seek benefits pursuant to Coverage D.

Instead, Plaintiff argues that Coverage A applies, despite the exclusion. Coverage A insures against "direct physical loss by or from flood". Plaintiff argues that the April 21, 2011 flood directly led to the MSD notice that Plaintiff needed to bring the dwelling into compliance with the building codes or demolish it. However, by including Coverage D in the SFIP, which "pays [the insured] to comply with state or local floodplain management law or ordinance affecting repair or reconstruction of a structure suffering flood damage," Congress clearly intended Coverage D to cover the type of damage for which Plaintiff submitted her Supplemental Claim. Accordingly, Plaintiff's claim for recovery under Coverage A must be denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Federal Emergency Management Agency's motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED.

This is a final order.

cc:     Counsel of Record